UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Carol Paquette,

                Plaintiff,      Case No. 19-12006

v.                                  Judith E. Levy
                                      United States District Judge

Andrew Saul, Commissioner of
Social Security,               Mag. Judge Elizabeth A. Stafford

                Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [11], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [8], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [9]**

On July 29, 2020, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for summary judgment (ECF No. 10), grant Defendant's motion for summary judgment (ECF No. 9), and affirm the Commissioner's decision to deny Plaintiff benefits under the Social Security Act. (ECF No. 11.)

On April 11, 2020, Plaintiff submitted three timely objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72(d). Plaintiff's objections to the R&R are:

1. The R&R repeats the error of the Administrative Law Judge ("ALJ") in listing Plaintiff's activities while avoiding consideration of the relevant detail of Plaintiff's limitations and difficulties in performing those activities.

2. The R&R fails to address the ALJ's error in finding Plaintiff's treatment "conservative."

3. The R&R erroneously expands the meaning of a step two finding.

(*See* ECF No. 12.)

Notably, all three of Plaintiff's objections cite the R&R, but they do not identify an error in the R&R. Rather, each objection essentially asks the Court to re-weigh the evidence that was before the ALJ, which, as set forth below, goes beyond the scope of this Court's role. In any event, the Court has evaluated each of Plaintiff's objections.

For the reasons set forth below, Plaintiff's objections are overruled, and the R&R is adopted. Plaintiff's motion for summary judgment is denied, and Defendant's motion for summary judgment is granted.

## I. Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and found it to be accurate and thorough. (ECF No. 11, PageID.428.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Plaintiff's objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

The Supreme Court articulated the standard the district court must apply when conducting its de novo review. In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Court explained that the phrase "substantial evidence" is a "term of art." *Id.* (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted).

On review, the Court is to "accord the ALJ's determinations of credibility great weight and deference." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 at 476 (6th Cir. 2003). "[I]f substantial evidence supports the ALJ's decision, [this Court] defer[s] to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

### III. Analysis

#### A. Objection No. 1

Plaintiff first argues that the Magistrate Judge erred because she repeated the ALJ's error by listing some of Plaintiff's daily activities, while avoiding consideration of the relevant detail of Plaintiff's limitations and difficulties in performing those activities. More specifically, Plaintiff argues that the error committed by both the Magistrate Judge and ALJ was that neither considered that Plaintiff's performance of her daily tasks was at a slow pace and she is strong enough to perform basic tasks at work. (*Id.* at PageID.444.) For example,

both decisionmakers cited Plaintiff's husband's testimony that Plaintiff was "able to prepare meals." However, Plaintiff argues that neither acknowledged that she could only do so for "10 minutes—then I sit in a recliner for 30–60 minutes." (ECF No. 6, PageID.41, 191–192.)

In response, Defendant argues that the R&R provides a thorough summary of the evidence, which includes Plaintiff's statements at the administrative hearing, statements to providers, and answers in her function report. All indicate that she could prepare meals, drive a car, go shopping, attend church services, visit her grandchildren, and perform some gardening. (ECF No. 13, PageID.450–51.) Defendant also notes that the ALJ is not required to recite all details of the claimant's activities. (*Id.* (citing *Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 807 (E.D. Mich. 2013); *and citing Morris v. Barnhart*, 223 F. App'x 465, 468 (6th Cir. 2007)). Defendant also argues that Plaintiff "fails to engage with Magistrate Judge Stafford's reasoning, or relevant authority cited in the R&R." (*Id.* at PageID. 451.) Defendant notes further that, even if this section of the ALJ's decision and Magistrate Judge's R&R contained a "slight misreading" of this limited set of facts, it is not a basis to reverse. (*Id.* at PageID.462.)

Defendant's position is correct. When viewing the ALJ's decision and the R&R, as a whole, the portion regarding Plaintiff's meal preparation is only one detail out of many. Together, those many details besides meal preparation provide substantial evidence to support the ALJ's decision.

For example, as stated by Defendant, other activities in Plaintiff's daily life that the ALJ relied on, in part, for her decision include that Plaintiff does laundry, washes dishes, drives a car, goes out shopping, and visits with her grandchildren. (ECF No. 6, PageID.39.) These daily activities were supported by Plaintiff's own testimony at the hearing. (*Id.*) Moreover, the ALJ did not rely solely on Plaintiff's testimony regarding her daily activities. Plaintiff's husband, Joseph Paquette, also testified regarding her activities. The ALJ also took into consideration and detailed the objective medical evidence, including Plaintiff's MRI records, and other treatment notes, where she reported "no limitations in her daily activities." (*Id.*)

Finally, it is notable that the Magistrate Judge acknowledged, evaluated, and rejected Plaintiff's nearly identical arguments in the R&R, and that Plaintiff has not identified any legal error requiring

7

reversal. (*See* ECF No. 11, PageID.433–434.) *Brumley*, 269 F.3d at 647. Accordingly, Plaintiff's objection that the ALJ relied on erroneous facts, and the R&R erroneously repeated those facts, is overruled.

### B.   Objection No. 2

Plaintiff next objects to the R&R's characterization of Plaintiff's treatment as "conservative," which, Plaintiff argues, is also an error made by the ALJ. (ECF No. 12, PageID.445.) Plaintiff argues that instead, the evidence describes failures of conservative measures, which resulted in surgery. (*Id.*)

In response, Defendant argues that Plaintiff's characterization of the R&R and ALJ's decision is "flatly inaccurate." (ECF No. 13, PageID.453.) Defendant points to the portion of the R&R that analyzes this argument, where it states:

> The ALJ's decision leaves no doubt that she considered the medical record, including Paquette's need for surgery. And Paquette's complaint that the ALJ did not recognize the limited improvement from her treatment lacks merit; the ALJ assessed an RFC with a reduced range of sedentary work specifically because of Paquette's "ongoing musculoskeletal complaints despite treatment. The ALJ weighed the evidence in the record, and this Court cannot permissibly reweigh it.

(*Id.* at PageID.453 (citing ECF No. 11, PageID.439.).)

8

Defendant, and the Magistrate Judge are correct. There are portions of Plaintiff's medical history that demonstrate "conservative" treatment, such as her treatment of back pain with medication, and the treatment for her wrists with braces. These facts do not have a significant impact on the outcome of the R&R. The ALJ's use of the term "conservative" in her opinion in no way characterizes *all* of Plaintiff's treatment as "conservative." Rather, the ALJ expressly acknowledges Plaintiff's history of numbness, MRI's, and surgery.

Accordingly, despite the use of the term "conservative" for describing some of Plaintiff's treatment over the years, there is still substantial evidence to support the ALJ's decision. Neither the ALJ nor the R&R err in this regard, and Plaintiff's objection is overruled.

### C.   Objection No. 3

Plaintiff's third objection is that the R&R "erroneously expands the meaning of a step two finding." (ECF No. 12, PageID.446.) Specifically, Plaintiff argues that the ALJ failed to consider Plaintiff's long-term numbness and limitations on the use of her left hand, and how they would limit her capacity to return to work as a secretary. (*Id.*) She argues that

the R&R fails to address why this impairment was not addressed in Plaintiff's residual functional capacity ("RFC"). (*Id.*)

Defendant's first position is that the R&R addressed this argument already. Second, as the R&R notes, the ALJ's RFC assessment was *more* restrictive than the opinion evidence submitted by the state agency reviewing doctor. And further, no other physician recommended a greater limitation such as what Plaintiff advocates for here. (ECF No. 13, PageID.458.)

Defendant's arguments are correct. It appears that Plaintiff is seeking to have this Court re-assess her RFC to find even more restrictions than the ALJ found (and the R&R affirmed). But it is not this Court's role to make that determination, particularly in the absence of any showing by the party who bears the burden of persuasion on the issue. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also Lawson v. Comm'r of Soc. Sec.*, 192 Fed. App'x. 521, 528 (6th Cir. 2006); *and see Turvey v. Comm'r of Soc. Sec.*, No. 12388, 2013 WL 3271194, at *5 (E.D. Mich. June 27, 2013) (noting that the plaintiff "[did] not specify any additional work-related functional limitations the ALJ should have, but did not, include in the RFC assessment resulting

from [his impairments]."). Rather, this Court's role is to review the decision of the ALJ under the substantial evidence standard. *Biestek*, 139 S. Ct. at 1154.

Here, substantial evidence supports the ALJ's determination to include *more* restrictions in Plaintiff's RFC than even recommended by a physician. The ALJ stated, in relevant part:

> based on the medical record and the claimant's testimony regarding her ongoing musculoskeletal complaints despite treatment, the undersigned finds the claimant would be further limited to sedentary work with never climbing ladders or scaffolds; an avoidance of exposure to unprotected heights and avoid balancing on narrow, slippery, or moving surfaces; and frequently handling and fingering.

(ECF No. 6, PageID.40.) Accordingly, substantial evidence supports the ALJ's RFC finding. The R&R correctly rejected this argument. Plaintiff's third objection is overruled.

## IV. Conclusion

Accordingly, Plaintiff's objections are overruled and the R&R (ECF No. 11) is ADOPTED. The case is dismissed.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: September 28, 2020<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

11

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2020.

          s/William Barkholz
          WILLIAM BARKHOLZ
          Case Manager